**COMMERCIAL HONING OF DETROIT, LTD., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

Nos. 84–5567, 84–5709.

United States Court of Appeals, Sixth Circuit.

Argued July 10, 1985.

Decided Aug. 13, 1985.

Michael J. Connolly (argued), Pepper, Hamilton & Scheetz, Detroit, Mich., Robert C. Ludolph, Detroit, Mich., Thomas W.H. Barlow, Troy, Mich., for petitioner.

Elliott Moore, Robert Tendrich, Deputy Associate Gen. Counsel (argued), N.L.R.B., Washington, D.C., Bernard Gottfried, Dir. Region 7, N.L.R.B., Patrick V. McNamara, Detroit, Mich., for respondent.

Before LIVELY, Chief Judge; CONTIE, Circuit Judge; and PECK, Senior Circuit Judge.

PER CURIAM.

This case is before the court on a petition to review a decision and order of the National Labor Relations Board and the Board's cross-application for enforcement of its order. The Board decision appears at 270 NLRB No. 124 (1984). Following the change of ownership of the petitioner, the new owner implemented changes in work rules. The employees were not unionized at that time but several of them became concerned about the changes and contacted representatives of a United Automobile Workers Local Union. After two workers had been discharged the union filed an unfair labor practice charge with the Board alleging violations of section 8(a)(3) of the National Labor Relations Act. However, the Board did not issue a complaint on this charge. Meanwhile the union campaign gathered steam and an election was held on December 17, 1981. The result was four votes in favor of the union and five against, with the votes of the two ex-employees not counted. The day after the election the new owner advised the employees that all were to be laid off and the shop was to be relocated because of financial problems. Approximately one month later the plant was reopened at a new location and four of the former employees were hired along with two new employees.

The election result was certified, but new and restated charges were filed against the company, alleging section 8(a)(1) and 8(a)(3) violations. The regional director reopened the representation proceedings on the basis of the section 8(a)(3) charges. An administrative law judge conducted a hearing and issued a decision in which he found a violation of section 8(a)(3) in the discharge of three employees, a violation of section 8(a)(1) in the unlawful interference with union activity during an election campaign and a section 8(a)(3) violation in the failure to recall two discharged employees. After exceptions were filed the Board adopted the findings of the administrative law judge, making a modification in his proposed remedy and entered the decision and order appealed from.

In its brief the petitioner argued that the record as a whole lacks substantial evidence to support the Board's findings that the company violated section 8(a)(1) by interrogating employees concerning their union activities, by creating the impression the employees were under surveillance, and by promising benefits for rejecting the union and threatening sanctions for supporting the union. The petitioner also argued in its brief that the record does not contain substantial evidence to support the Board's findings that the company violated section 8(a)(3) by discharging three employees for union activities and by either not recalling or belatedly recalling pro-union employees because of their union sympathies and activities. However, at oral argument counsel for the petitioner made only one point. He contended that the administrative law judge made egregiously erroneous findings of credibility in the case by crediting the testimony of the witness DiCiesare and discrediting the testimony of the witness Youngblood who was an attorney for petitioner during the proceedings. At oral argument counsel contended that this case is controlled by two decisions in which this

court has refused to uphold credibility determinations unless they are "reasonable" and have a "rational basis"; that the court does not merely rubber stamp such determinations. See *Krispy Kreme Doughnut Corporation v. NLRB*, 732 F.2d 1288, 1289–90 (6th Cir.1984); *NLRB v. Norbar, Inc.*, 752 F.2d 235 (6th Cir.1985).

 Upon consideration of the briefs and oral arguments of counsel together with the record on appeal this court concludes that there is substantial evidence in the record to support the Board's findings of section 8(a)(1) and section 8(a)(3) violations. Though the testimony of the witness DiCiesare was important, there was a significant amount of other evidence to support the findings of the administrative law judge which the Board adopted. This is not a case where the administrative law judge made credibility determinations without explanation. He explained in his decision his reasons for crediting DeCiesare and for not crediting witnesses of the petitioner including its attorney and its president. The petitioner failed to produce witnesses who were alleged to have been present when some of the violative acts occurred and thus permitted damaging testimony by DiCiesare to go uncontradicted. This court is required to review the case on the record and may not substitute its judgment for that of the Board on the basis of "[s]uspicion, conjecture and theoretical speculation" rather than applying the substantial evidence standard of review. *TRW, Inc. v. NLRB*, 654 F.2d 307, 312 (5th Cir.1981).

The order of the National Labor Relations Board is enforced.